**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
──────────────────────────────────────X

ANDRES PORFIRIO CANO,

    *Plaintiff*,

-against-                                   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

                                                                       Docket Number: 19-cv-3509

SUSHI CHAIN, INC. (d/b/a SUSHI VILLAGE),
TINA XIAO and XIN FENG LIN

    *Defendants*,

──────────────────────────────────────X

**DEFENDANT EN MEI XIAO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

                                                           s//Hui Chen
                                               HUI CHEN, ESQ
                                               *Attorney for Defedant En Mei Xiao*
                                               136-20 38th Ave., Suite 9E
                                               Flushing, NY 11354
                                               Email: hui.chen@alum.cardozo.yu.edu

# Table of Contents

*Table of Authority*..................................................................................................................2

*PRELIMINARY STATEMENT* ...................................................................................................4

*PROCEDURAL HISTORY AND STATEMENT OF FACTS*...........................................................4

*The Amended Complaint*.........................................................................................................5

*Affidavit of XIAO*....................................................................................................................7

*Arguments* ..............................................................................................................................8

    **I. LEGAL STANDARD** ......................................................................................................8

    **II. THE COMPLAINT DOES NOT CONTAIN ANY FACTUAL ALLEGATIONS UPON WHICH THE COURT CAN MAKE A REASONABLE INFERENCE OF LIABILITY THAT TINA XIAO IS/WAS AN EMPLOYER** ........................................................................................................9
        (1)    power to hire and fire the employees........................................................................11
        (2)    supervised and controlled employee work schedules or conditions of employment.....12
        (3)    determined the rate and method of payment ..........................................................14
        (4)    maintained employment records .............................................................................15

    **III. Totality of Circumstance**......................................................................................16

*CONCLUSION* ...................................................................................................................... 18

# Table of Authority

**CASES**

*Allen v. PS Brother Gourmet*, Inc., No. 11 Civ. 5427 (AJN) (KNF), 2013 WL 11327098 (S.D.N.Y. Feb.1, 2013) ..................................................................................................................................16
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. passim
*Barfield v. New York City Health and Hosp. Corp.*, 537 F.3d 132 (2d Cir. 2008) .............................. 9
*Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) ..........................................................................7, 8, 9
*Beng Khoon Loo v. I.M.E. Restaurant, Inc.*, 17-cv-02558-ARR-RER, 2018 WL 4119234 (E.D.N.Y. Aug. 29, 2018);..............................................................................................................................8, 15
*Bravo v. Established Burger One, LLC*, 2013 U.S. Dist. Lexis 146237 (S.D.N.Y. Oct 8, 2013) ........11
*Bynog v. Cipriani Group. Inc.,* 1 N.Y. 3d 193 (2003) ......................................................................10
*Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1999) ................................................10
*Diaz v. Consortium For Work Educ., Inc.*, 2010 U.S. Dist. Lexis 107722 (S.D.N.Y. Sep 28, 2010) .......10
*Donovan v. Agnew*, 712 F.2d 1509 (1st Cir. 1983) ........................................................................14
*Gisomme v. Healthex Corp.*, 2014 U.S. Dist. Lexis 67588 (E.D.N.Y. May 15, 2015) ........................10
*Hart v. Rick's Cabaret Intern., Inc.*, 967 F.Supp.2d 901 (S.D.N.Y. 2013) ......................................... 9
*Herman v. RSR Security Services Ltd.,* 172 F.3d 132 (2d Cir. 1999) ............................................... 9
*In re NYSE Specialist Sec. Litig.*, 503 F.3d 89(2d Cir. 2007) ........................................................... 8
*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ...................................................................... 9
*Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106 (2nd Cir. 2013)............................. 8
*Marcelino v. 374 Food, Inc.*, No. 16 Civ. 6287 (KPF), 2018 WL 1517205 (S.D.N.Y. March 27, 2018) ........ 8
McGlone v. Contract Caller, Inc., 49 F.Supp.3d 364  (S.D.N.Y. 2014) ....................................... 12, 13
*Nakahata v. New York Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2nd Cir. 2013) .................8, 10
*Olvera v. Bareburger Group LLC,* 73 F.3d 201 (S.D.N.Y. 2014)..................................................... 8
*Papasan v. Allain*, 478 U.S. 265 (1986) ......................................................................................... 8
*Peng Bai v. Fu Xing Zhuo*, No.13 Civ. 05790(ILG)(SMG), 2014 WL 2645119, (E.D.N.Y. June 13, 2014) 11

*Sampson v. Medisys Health Network, Inc.*, 2012 U.S. Dist. Lexis 103012 (E.D.N.Y. Feb 9, 2012)...............10
*Velu v. Velocity Exp., Inc.,* 666 F.Supp.2d 300 (2009)........................................................................................10
*Zheng v. Liberty Apparel Company, Inc.*, 355 F.3d 61 (2d Cir. 2003)......................................................9

**STATUTES**

29 U.S.C. §203(d).................................................................................................................................9
29 U.S.C. §203(g).................................................................................................................................9
Fed. R. Civ. P. 12(b)(6) .......................................................................................................................7
Fed. R. Civ. P. 8(a)(2) ..........................................................................................................................7
N.Y. Lab. L. §(2)(7)..............................................................................................................................9
N.Y. Lab. L. §190(3)............................................................................................................................9

## PRELIMINARY STATEMENT

Defendant, **En Mei Xiao** ("Xiao" and/or "Tina Xiao" and/or the "Defendant"), by and through her attorney, Hui Chen & Associates, PLLC, respectfully submits this Memorandum of Law in Support of her Motion to Dismiss the amended Complaint (the "Amend. Complaint") of Plaintiff Andres Porfirio Cano (the "Plaintiff" and/or "Cano") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) of the Federal Rules of Civil Procedure.

Many of the Plaintiff's allegations under Amend. Complaint against Defendant XIAO is only of the boilerplate variety. The specific factual allegations have failed to adequately facts under the economic reality test.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff filed this federal action on June 13, 2019, in the U.S. District Court for the Eastern District of New York, alleges in his complaint against defendant, Sushi Chain, Inc. (d/b/a Sushi Village), Tina Xiao, and Xin Feng Lin, for various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Pursuant to the Complaint, Tina Xiao is described as an employer of the Plaintiff in this action. The undersigned conferred with the Plaintiff's counsel and expressed an intention to file Motion to Dismiss against Xiao on August 16, 2019. On August 27, 2019, parties stipulated to file an amended complaint.

**The Amended Complaint**

On September 12, 2019, the Plaintiff filed an amended complaint (dkt 10). Between Paragraph 11 and 29, the Plaintiff alleged Defendant XIAO is personally liable because she is "an owner, officer and/or an agent of Defendant SUSHI CHAIN, INC.":

- "Defendant EN MEI XIAO (a/k/a Tina Xiao) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant EN MEI XIAO is sued individually in her capacity as, on information and belief, an owner, officer and/or an agent of Defendant SUSHI CHAIN, INC. ('Defendant Corporation')." *See* ¶11 of the Amend. Complaint.

- "Defendant EN MEI XIAO (a/k/a Tina Xiao) possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation." *See* ¶12 of the Amend. Complaint.

- "Defendant EN MEI XIAO (a/k/a Tina Xiao) determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees." *See* ¶13 of the Amend. Complaint.

- "Defendant EN MEI XIAO (a/k/a Tina Xiao) picked up and dropped off Plaintiff CANO for work on a nearly daily basis for the first three years of his employ and then picked-up and dropped off Plaintiff CANO two to three times per week in approximately the last year of his employ." *See* ¶14 of the Amend. Complaint.

- "Defendant EN MEI XIAO (a/k/a TINA XIAO) almost always issued pay to Plaintiff CANO throughout his employ until the approximately the last year of his employ when a manager named Jessie Li would alternate issuing pay along with Defendant XIAO during the week." *See* ¶15 of the Amend. Complaint.

- "Defendant EN MEI XIAO (a/k/a TINA XIAO) represented to Plaintiff CANO that she was an owner of Sushi Village along with her spouse Defendant XIN FENG LIN (a/k/a Scott Lin)." *See* ¶16 of the Amend. Complaint.

- "Defendant XIAO delegated some of her customary activities to a manager named Jessie Li during approximately the last year of Plaintiff's employ such as picking up and dropping off the Plaintiff and issuing pay, although Defendant XIAO did still engage in those activities in that last year on a regular basis. " *See* ¶17 of the Amend. Complaint.

- "Defendant XIAO hired employees." *See* ¶18 of the Amend. Complaint.

- "Defendant XIAO personally directed Plaintiff and other workers to breakdown and accommodate the restaurant supplies that were delivered throughout the week to Sushi Village." *See* ¶19 of the Amend. Complaint.

- "Defendant XIAO was the person who authorized and gave Plaintiff CANO raises throughout his employ." *See* ¶20 of the Amend. Complaint.

- "Defendant XIAO intervened during a time when Plaintiff CANO expressed dissatisfaction at work and she personally convinced him to stay with the company by making representations about how she could authorize changes to the working conditions of the restaurant." *See* ¶21 of the Amend. Complaint.

- "Defendant XIAO fielded questions about pay and hours from Plaintiff CANO and other employees and held herself out as having authority to make decisions regarding pay and hours." *See* ¶22 of the Amend. Complaint.

- "Defendant XIAO intervened when kitchen staff were absent to issue orders to Plaintiff regarding the preparation of food and the organization of supplies." *See* ¶23 of the Amend. Complaint.

- "Defendant XIAO disciplined and castigated employees including Plaintiff CANO when she considered their performance sub-par." *See* ¶24 of the Amend. Complaint.

- "Defendant XIAO regularly issued orders to Plaintiff CANO and other kitchen staff about cleaning the fry oil, cleaning the basement, cleaning the parking lot, removing snow and other tasks." *See* ¶25 of the Amend. Complaint.

- "Defendant XIAO would regularly summon employees to meetings with Defendant LIN and she participated in decisions regarding the operation of the business in those meetings." *See* ¶26 of the Amend. Complaint.

- "Defendant XIAO fielded questions about the supplies and inventory of the restaurant and monitored the purchases made on behalf of Sushi Village and provided authorization to make those purchases." *See* ¶27 of the Amend. Complaint.

- "Defendant XIAO fielded questions from kitchen staff about the purchasing of new kitchen equipment and solely gave authorization to make those purchases." *See* ¶28 of the Amend. Complaint.

- "Defendant XIAO controlled the entry and exit times of Plaintiff." *See* ¶29 of the Amend. Complaint.

6

The opening paragraphs, Plaintiff uses only boilerplate allegations, *see* ¶11-13 of the Amend. Complaint. With respect to the other much more specific allegations, most of duties described are exactly duties and responsibilities of an administrative assistant plus limited bookkeeping actives; some are merely Plaintiff's subjective view, such as Xiao is spouse of individual owner defendant XIN FENG LIN ("LIN").

**Affidavit of XIAO**

Defendant Tina Xiao is an immigrant from China. Xiao is a junior middle school graduate with limited English and knows nothing about Spanish. To the best of Xiao's recollection, Plaintiff doesn't speak English and worked under a Spanish speaking supervisor in the kitchen (all staff in kitchen are Spanish speaking), Xiao has never had any effective communication with Plaintiff.

Xiao is an ex-girlfriend of owner Defendant LIN. Together with LIN, Xiao has a minor child. Xiao's relationship with LIN had broken up for years. After being hardworking in restaurants for years, Xiao used all her accumulated savings to open up a restaurant named Sushi Café. Eventually, Xiao sold her restaurant. The Plaintiff's brother, Juan Porfirio Cano worked for Sushi Café and sued Xiao for FLSA violation. *See* JUAN PORFIRIO CANO v. ENZO SUSHI INC. d/b/a SUSHI VILLAGE, EN MEI XIAO and ZONGKAI PENG (EDNY Docket NO.: 18-cv-02905). Soon after settling the above case, the Plaintiff commenced this action and including Xiao as a defendant.

As a single mom taking care of a minor, Xiao has to work part-time. After selling her restaurant, Xiao came back to work for LIN anywhere from one day a week to three days a week. One of the reasons that Xiao works for LIN is that she is expecting child

7

support payment from LIN, and the restaurant profit is the only source of income for LIN.

## ARGUMENTS

**I. LEGAL STANDARD**

Pursuant to Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." See, Fed. R. Civ. P. 12(b)(6). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a "court must accept as true all of the allegations contained in a complaint," it is "inapplicable to legal conclusion." *Iqbal*, 556 U.S. at 678.

"A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of further factual enhancement" *Id*. (quoting *Twombly* 550 U.S. at 555, 557). Therefore, the Court "need not accord legal conclusion, deductions or opinions couched a factual allegations… a presumption of truthfulness." *In re NYSE Specialist Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). On a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555; citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Unless plaintiffs'

8

allegations have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 569.

**II. THE COMPLAINT DOES NOT CONTAIN ANY FACTUAL ALLEGATIONS UPON WHICH THE COURT CAN MAKE A REASONABLE INFERENCE OF LIABILITY THAT XIAO IS/WAS AN EMPLOYER**

The Second Circuit has held that FLSA claims must be well-pled in order to survive a motion to dismiss. *See Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 114 (2nd Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679) ("Determining whether a plausible claim has been pled is "a context-specific task that requiring the reviewing court to draw on its judicial experience and common sense"); *see also Nakahata v. New York Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201(2nd Cir. 2013).

In the Second Circuit, courts generally interpret "the statutory standard for employer status under NYLL to be nearly identical to that of the FLSA. *Beng Khoon Loo v. I.M.E. Restaurant, Inc.*, 17-cv-02558-ARR-RER, 2018 WL 4119234, *4 (E.D.N.Y. Aug. 29, 2018); see also *Olvera v. Bareburger Group LLC,* 73 F.3d 201, 206 (S.D.N.Y. 2014); *Marcelino v. 374 Food, Inc.*, No. 16 Civ. 6287 (KPF), 2018 WL 1517205, at 12 (S.D.N.Y. March 27, 2018). "New York Court of Appeals has not yet resolved whether the NYLL's standard for employer status is coextensive with the FLSA's, but there is no case law to the contrary. *Hart v. Rick's Cabaret Intern., Inc.*, 967 F.Supp.2d 901, 940 (S.D.N.Y. 2013); see also *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013).

Although the Plaintiff stated that Xiao owned, operated, or controlled employees' schedules, the Plaintiff fails to make the necessary factual allegations to make a claim for

9

relief plausible against Tina Xiao. In order to be liable under the FLSA and NYLL, a defendant must be an "employer." Pursuant to the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee," and to "employ" means to "suffer or permit to work." 29 U.S.C. §203(d) and (g). Pursuant to NYLL, "employer" includes any person, corporation, limited liability company or association employing any individual in any occupation, individual in any occupation, industry, trade business or service" and to employ means "permitted or suffered to work." N.Y. Lab. L. §(2)(7) and §190(3).

The plausibility determination is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "The factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. Courts have used an "economic realities test" to determine if an employer-employee relationship exists pursuant to the FLSA by examining the "formal" and/or "functional" control that the alleged employer may have over the employee. See, *Barfield v. New York City Health and Hosp. Corp.*, 537 F.3d 132 (2d Cir. 2008); *Herman v. RSR Security Services Ltd.,* 172 F.3d 132 (2d Cir. 1999); *Zheng v. Liberty Apparel Company, Inc.*, 355 F.3d 61 (2d Cir. 2003). New York law "focuses on the degree of control exercised by the purported employer over the results produced or the means used to achieve the result." *Velu v. Velocity Exp., Inc.,* 666 F.Supp.2d 300, 307 (2009)(citing *Bynog v. Cipriani Group. Inc.,* 1 N.Y. 3d 193, 198 (2003)).

There are four factors under economic reality test that determine the existence of an employer-employee relationship by examining whether the alleged employer (1) had

10

the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1999).

Moreover, as discussed more fully below, it is well-settled that within the Second Circuit that "mere boilerplate allegations that individual meets various prongs of the economic reality test are insufficient to survive a motion to dismiss with respect to pleading "Employer" status under FLSA. *See Sampson v. Medisys Health Network, Inc.*, 2012 U.S. Dist. Lexis 103012, at *47 (E.D.N.Y. Feb 9, 2012) (quoting *Diaz v. Consortium For Work Educ., Inc.*, 2010 U.S. Dist. Lexis 107722, at *11 (S.D.N.Y. Sep 28, 2010); *see also Gisomme v. Healthex Corp.*, 2014 U.S. Dist. Lexis 67588, at *10-11 (E.D.N.Y. May 15, 2015); *see also Nakahata v. New York Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201(2nd Cir. 2013).

**(1) POWER TO HIRE AND FIRE THE EMPLOYEES**

For the first Carter factor, the Plaintiff merely makes a conclusory statement with the use of the Carter factors to label Tina Xiao as an employer with the power to hire, fire, employees. The allegations against XIAO are vague and boilerplate – therefore failure to have requisite facts needed survive the motion to dismiss.

The Plaintiff alleged no fact that XIAO hired any employee. The only personal knowledge that Plaintiff has was the Plaintiff's own brother worked for XIAO in a different restaurant, the Plaintiff was not even hired by XIAO. *See* ¶33 of the Amend. Complaint (Defendant LIN hired Plaintiff).

Several courts in the Second Circuits have held that such language to be conclusory and inadequate to establish an employer status. *Peng Bai v. Fu Xing Zhuo*, No.13 Civ. 05790(ILG)(SMG), 2014 WL 2645119, *4 (E.D.N.Y. June 13, 2014), see also *Bravo v. Established Burger One, LLC*, 2013 U.S. Dist. Lexis 146237, at *19 (S.D.N.Y. Oct 8, 2013) (Dismissing a complaint against individual corporate officers because "Plaintiffs allege no specific facts, aside from the elements of the 'economic reality test', to satisfy their pleading burden.").

**(2) <u>SUPERVISED AND CONTROLLED EMPLOYEE WORK SCHEDULES OR CONDITIONS OF EMPLOYMENT</u>**

A restaurant's jobs are categorized by the front of house jobs and the back of house jobs. Back-of-the-house positions pertain to the preparation of food, as well as the dishwashing staff. Front-of-the-house positions are those that deal directly with the public, including Cashier and server (or waiter/waitress). Plaintiff was hired as a kitchen helper, and eventually changed to tempura and teriyaki make, *See* Amended Complaint ¶3, therefore, at all times, Plaintiff was supervised by the bilingual speaking (English and Spanish) head chef/kitchen manager of Sushi Village. The head chef/kitchen manager would supervise and control back-of-the-house staffs' work schedules or conditions.

As to the second factor, the Plaintiff uses the allegations that Tina Xiao picked up and dropped off Plaintiff for work on a nearly daily basis for the first three years of his employment and then pick-up and dropped off him two to three times per week in his last year of employment as a way to support the supervision and control requirement. But such allegation fails to make a plausible argument because Tina Xiao's status as a driver cannot be equivalent to the status of an owner. The Plaintiff's subjective belief about an

individual's employer status is not sufficient to give rise to liability. *McGlone v. Contract Caller, Inc.*, 49 F.Supp.3d 364, 374 (S.D.N.Y. 2014). The Plaintiff might have the belief that the person picking up and dropping off him to be an owner of the business, but such subjective belief about Tina Xiao's employer status is not sufficient to give rise to liability.

The Plaintiff further alleges that Xiao's summons to employees to participate in meetings with Defendant Lin, *See* ¶26 of the Amend Complaint. The only conclusion that we can draw is XIAO is merely a messenger here, and LIN had the ultimate decision-making power. *See* ¶66 of the Amend Complaint. (Defendant XING FENG LIN regularly supervised the employees and operations at Sushi Village).

The Plaintiff further alleges that Tina Xiao controlled the Plaintiff's entry and exit times are conclusory to categorize Tina Xiao as an employer when she was simply following the business operation hours and acting as a driver. Furthermore, the Plaintiff alleges that Tina Xiao disciplined and castigated employees when their performance sub-par is merely a "naked assertion" to support the control requirement under the economic realities test. The naked assertion would not suffice the Plaintiff's allegation. *Iqbal*, 556 U.S. at 678. At most, as the Plaintiff's own admission that Xiao summons employees to have a meeting with LIN (*See* ¶26 of the Amend.), the employees were eventually disciplined and castigated by LIN. However, XIAO's distributing message acting as an administrative assistant is not sufficient to give rise to liability.

The Plaintiff also claims that Tina Xiao "regularly issued orders to Plaintiff and kitchen staff about cleaning fry oil, cleaning the basement, cleaning the parking lot, removing snow and other tasks" See Amended Complaint ¶25, 26. However, the cleaning

duties and removing snow were tasks designated to kitchen staff (including the Plaintiff CANO because he was also a kitchen staff) by Xin Feng Lin since the beginning of the business. Furthermore, the orders were normally coming from the head chef; in the rare occasion, Xiao may simply pass a message from Lin to the kitchen because her role as a restaurant cashier was answering the incoming phone.

The Plaintiff further alleges that "Tina Xiao intervened during a time when Plaintiff CANO expressed dissatisfaction at work and she personally convinced him to stay with the company by making representation about how she could authorize changes to the work conditions of the restaurant." See Amended Complaint ¶21. However, Tina Xiao was not authorized to change work conditions or the pay rates, she was merely reflecting the complaint from her coworker to LIN and then replying to whatever decision made by LIN to Plaintiff. The fact that Tina Xiao speaks the same language with Xin Feng Lin and able to have clear communication with Xin Feng Lin, and been a middle person in that one occasion cannot make her a person with authority to control the Plaintiff's condition of employment. The fact that the Plaintiff had a subjective belief of Tina Xiao's status as an employer because she could communicate with LIN could not make her liability as an employer. See. *McGlone v. Contract Caller, Inc.*, 49 F.Supp.3d 364, 374 (S.D.N.Y. 2014) (Plaintiff's subjective belief about an individual's employer status is not sufficient to give rise to liability).

**(3)  DETERMINED THE RATE AND METHOD OF PAYMENT**

As to the third Carter factor, the Plaintiff claimed that Tina Xiao had the authority to determine the Plaintiff's pay rate and was authorized and gave Cano raises. This allegation is also contradicted to Plaintiff's own admission at Amend. Complaint ¶13, it

14

is difficult to comprehend that how an individual defendant who had to summon employees to meet with LIN can have authority to determine the rate of Plaintiff. Indeed, XIAO is not even able to determine her own rate.

Plaintiff also claims that Tina Xiao distributed wage to Plaintiff throughout his employment, but Tina Xiao was only a middle person distributing the wage because Xin Feng Lin required her to distribute the wage as part of the cashier role when Xin Feng Lin was not in the store. Even acting under presumption that Plaintiff's allegation is true, XIAO is still no liable. It is requested that the Court follow the intent of Congress. Congress did not "intend[] that any corporate officer or other employee with ultimate operational control over payroll matters be personally liable for the corporation's failure to pay minimum wage and overtime wage as required by the FLSA." *Donovan v. Agnew*, 712 F.2d 1509, 1513 (1st Cir. 1983) ("We agree it should not lightly be inferred that Congress intended to disregard in this context the shield from personal liability which is one of major purposes of doing business in corporate form.") *Id*.

**(4) MAINTAINED EMPLOYMENT RECORDS**

For the fourth Carter factor, the Plaintiff made conclusory statement that Tina Xiao maintained employment records without any factual evidence. Such allegation is a formulaic recitation of the elements under FLSA. A sufficiently-pled complaint must do more than simply leave open a possibility that a plaintiff could prove its case. Instead, the pleading must contain detail sufficient to create a reasonable expectation that discovery will surface evidence of wrongdoing. As it stands, this Court need not accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Under the standard of *Iqbal* and *Twombly*, legal

15

conclusions should not be assumed to be true and must be discarded for purposes of assessing the factual assertions of a complaint.

Therefore, the Court should disregard all conclusory factual allegations. The Complaint, to the extent that it purports to state a claim as against Tina Xiao, is wholly insufficient, which erroneously and unjustly concludes Tina Xiao as the Plaintiff's employer and the Plaintiff does not make any specific factual allegation against Tina Xiao as all allegations are conclusory. It is not plausible that Tina Xiao was an "employer" of the Plaintiff as a matter of law because the allegations against Tina Xiao are insufficient for the court to draw any reasonable reference to an "employer" status or liability.

## III. Totality of Circumstance

Second Circuit has applied a totality of circumstance to determine whether an individual has operational control of the employment and "a person exercise operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employee' employment." *Beng Khoon Loo v. I.M.E. Restaurant, Inc.*, 17-cv-02558-ARR-RER, 2018 WL 4119234, *4 (E.D.N.Y. Aug. 29, 2018). "An occasional exercise of delegated authority is insufficient to establish an individual's employer status." *Id.*, 2018 WL 4119234 at 6; (citing *Allen v. PS Brother Gourmet*, Inc., No. 11 Civ. 5427 (AJN) (KNF), 2013 WL 11327098, at *4 (S.D.N.Y. Feb.1, 2013)).

Unlike most other similar actions regarding Asian restaurants, where Plaintiffs argued many individual shareholders should be held individually liable, Plaintiff here alleges nothing that XIAO is a beneficiary owner/shareholder of the Corporate

16

Defendant. Plaintiff admitted that Defendant XIN FENG LIN is the principal on the liquor license for Sushi Village, *see* Amend. Complaint ¶35; and Defendant XING FENG LIN regularly represented himself as the owner to government officials during state inspections and fielded health department inspection notices of violations. *see* Amend. Complaint ¶37.

With Plaintiff's own admissions, Defendant XING FENG LIN regularly supervised the employees and operations at Sushi Village. *see* Amend. Complaint ¶36; and Defendant LIN had the authority to hire and fire employees. *see* Amend. Complaint ¶32. The Corporate defendant is a relatively very small business, with another layer of supervision for all kitchen staff by head chef, there is no need for an additional layer of supervision by XIAO. Most of the duties described are exactly the duties and responsibilities of an administrative assistant.

This Court should also take into consideration of language barrier between Plaintiff and XIAO. The Plaintiff's first language is Spanish, and Xiao's first language is Fuzhounese. Both Plaintiff and XIAO speak very limited English, any effective communication between them will require two translators (one to translate Spanish to English, and one to translate English to Fuzhounese). Being colleagues for many years, there is no true communication between them besides casual communications. Thus, some allegations are truly Plaintiff's speculative belief, such as XIAO is the spouse of LIN. In fact, XIAO has never married LIN, their romantic relationship ended before the Plaintiff joined the restaurant.

After any plausibility analysis under the standard of *Iqbal* and *Twombly*, the Complaint must be stripped by the Court of any allegations that are "labels and

conclusions," "legal conclusions," "formulaic recitations" and "naked assertions." After discarding all the conclusory allegations in the Complaint, there are no factual allegations specific to XIAO remaining. No factual allegation that establishes any "degree of control," "formal" or "functional," over the Plaintiff. XIAO has been dragged into action without any factual indication that XIAO was in any way involved with the issue of the violation of FLSA or NYLL that she could be treated as an employer. Furthermore, as a matter of general fairness, this Court should also not force a struggling single mother who has no connection to this action to defend a costly federal litigation.

## CONCLUSION

For the foregoing reasons, Defendant En Mei Xiao respectfully requests that Plaintiff's Amend. Complaint against her be dismissed in its entirety and grant such other and further relief as the Court deems just and proper.

Hui Chen & Associates, P.L.L.C.
 /s/ Hui Chen_____
Hui Chen, Esq.
136-20 38th Avenue Suite 9E
Flushing, N.Y. 11353
(718) 463-2666 (Tel)
(718) 463-2555 (Fax)
Attorney for Defendants