Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ANDRES PORFIRIO CANO,

              *Plaintiff*,

-against-

SUSHI CHAIN, INC. (d/b/a Sushi Village), EN MEI XIAO (a/k/a Tina Xiao), XIN FENG LIN (a/k/a Scott Lin, Xi Lin and Xia Feng Lin), MIN LIN, 3250 FRANCIS LEWIS INC. d/b/a New Sushi Village or New Shushi Village, John Doe 1 and John Doe Corp.

              *Defendants.*

---------------------------------------------------------X

Case No. 19-cv-3509

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

    ANDRES PORFIRIO CANO ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., upon his knowledge and belief, and as against EN MEI XIAO (a/k/a Tina Xiao), XIN FENG LIN (a/k/a Scott Lin, Xi Lin and Xia Feng Lin), SUSHI CHAIN, INC., 3250 FRANCIS LEWIS INC. d/b/a New Sushi Village or New Shushi Village, MIN LIN, John Doe 1 and John Doe Corp. (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a former employee of SUSHI CHAIN, INC. (d/b/a SUSHI VILLAGE) at 32-50 Francis Lewis Blvd Flushing, NY 11358 that was owned and operated by Defendants EN MEI XIAO (a/k/a Tina Xiao), XIN FENG LIN (a/k/a Scott Lin, Xi Lin and Xia Feng Lin) and SUSHI CHAIN, INC.

1

2. Defendants EN MEI XIAO (a/k/a Tina Xiao), XIN FENG LIN (a/k/a Scott Lin, Xi Lin and Xia Feng Lin), SUSHI CHAIN, INC. have represented through counsel that they no longer operate Sushi Village and abandoned their lease during the pendency of this lawsuit on or about August of 2020.

3. Plaintiff sues Defendants MIN LIN, 3250 Francis Lewis Corp., John Doe 1 and John Doe Corp. as successors in interest to the operations of Sushi Village that they operate under the name of New Sushi Village selling substantially the same menu and services as Sushi Village at the same location.

4. Defendants own, operate, and/or control the Sushi Village location at 32-50 Francis Lewis Blvd Flushing, NY 11358.

5. Plaintiff was initially employed by Defendants as a kitchen helper and cook. His original title was kitchen helper and he was later changed to tempura maker then teriyaki maker.

6. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours he worked each week.

7. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

8. Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

11. Plaintiff ANDRES CANO ("Plaintiff CANO") is an adult individual residing in Queens County, New York. Plaintiff CANO was employed by Defendants at Sushi Village from approximately May of 2015 until May 21, 2019.

12. SUSHI CHAIN, INC. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 32-50 Francis Lewis Blvd Flushing, NY 11358.

13. Defendant EN MEI XIAO (a/k/a Tina Xiao) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant EN MEI XIAO is sued individually in her capacity as, on information and belief, an owner, officer and/or an agent of Defendant SUSHI CHAIN, INC. ('Defendant Corporation').

14. Defendant EN MEI XIAO (a/k/a Tina Xiao) possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

15. Defendant EN MEI XIAO (a/k/a Tina Xiao) determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

16. Defendant EN MEI XIAO (a/k/a Tina Xiao) picked up and dropped off Plaintiff CANO for work on a nearly daily basis for the first three years of his employ and then picked-up and dropped off Plaintiff CANO two to three times per week in approximately the last year of his employ.

17. Defendant EN MEI XIAO (a/k/a TINA XIAO) almost always issued pay to Plaintiff CANO throughout his employ until the approximately the last year of his employ when a manager named Jessie Li would alternate issuing pay along with Defendant XIAO during the week.

18. Defendant EN MEI XIAO (a/k/a TINA XIAO) represented to Plaintiff CANO that she was an owner of Sushi Village along with her spouse Defendant XIN FENG LIN (a/k/a Scott Lin).

19. Defendant XIAO delegated some of her customary activities to a manager named Jessie Li during approximately the last year of Plaintiff's employ such as picking up and dropping off the Plaintiff and issuing pay, although Defendant XIAO did still engage in those activities in that last year on a regular basis.

20. Defendant XIAO hired employees.

21. Defendant XIAO personally directed Plaintiff and other workers to breakdown and accommodate the restaurant supplies that were delivered throughout the week to Sushi Village.

22. Defendant XIAO was the person who authorized and gave Plaintiff CANO raises throughout his employ.

23. Defendant XIAO intervened during a time when Plaintiff CANO expressed dissatisfaction at work and she personally convinced him to stay with the company by making representations about how she could authorize changes to the working conditions of the restaurant.

24. Defendant XIAO fielded questions about pay and hours from Plaintiff CANO and other employees and held herself out as having authority to make decisions regarding pay and hours.

25. Defendant XIAO intervened when kitchen staff were absent to issue orders to Plaintiff regarding the preparation of food and the organization of supplies.

26. Defendant XIAO disciplined and castigated employees including Plaintiff CANO when she considered their performance sub-par.

27. Defendant XIAO regularly issued orders to Plaintiff CANO and other kitchen staff about cleaning the fry oil, cleaning the basement, cleaning the parking lot, removing snow and other tasks.

28. Defendant XIAO would regularly summon employees to meetings with Defendant LIN and she participated in decisions regarding the operation of the business in those meetings.

29. Defendant XIAO fielded questions about the supplies and inventory of the restaurant and monitored the purchases made on behalf of Sushi Village and provided authorization to make those purchases.

30. Defendant XIAO fielded questions from kitchen staff about the purchasing of new kitchen equipment and solely gave authorization to make those purchases.

31. Defendant XIAO controlled the entry and exit times of Plaintiff.

32. Defendant XIN FENG LIN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant XIN FENG LIN is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

33. Defendant XIN FENG LIN possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

34. Defendant XIN FENG LIN had the authority to hire and fire employees.

35. Defendant LIN hired Plaintiff and issued Plaintiff his initial schedule and pay rate on Plaintiff CANO's first day at Sushi Village.

36. Defendant LIN issued pay to Plaintiff and other employees during times when Defendant XIAO took trips outside of the country.

37. Defendant XIN FENG LIN is the principal on the liquor license for Sushi Village.

38. Defendant XING FENG LIN regularly supervised the employees and operations at Sushi Village.

39. Defendant XING FENG LIN regularly represented himself as the owner to government officials during state inspections and fielded health department inspection notices of violations.

40. Defendant 3250 FRANCIS LEWIS INC. d/b/a New Sushi Village or New Shushi Village. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 32-50 Francis Lewis Blvd Flushing, NY 11358.

41. Defendant MIN LIN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MIN LIN is sued individually in their capacity as, on information and belief, an owner, officer and/or an agent of Defendant 3250 FRANCIS LEWIS INC. ('Defendant 3250).

42. Defendant MIN possesses or possessed operational control over Defendant 3250, possesses or possessed an ownership interest in Defendant 3250, and controls or controlled significant functions of Defendant 3250.

43. Defendant MIN LIN is the sole license holder for the liquor license for the restaurant currently operating out of 3250 Francis Lewis Blvd.

44. Defendant MIN LIN is the president of Defendant 3250.

45. Defendant MIN LIN owns 200NPV of the stock in Defendant 3250.

46. Defendant MIN LIN therefore has the power to hire, fire and enter into contracts on behalf of Defendant 3250 and other control the operation of Defendant 3250 including employment conditions.

47. Defendant MIN LIN had or should have had notice of the lawsuit pending against Sushi Village when they succeeded in the operation of the sushi restaurant at 32-50 Francis Lewis Blvd.

48. Defendant JOHN DOE 1 is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JOHN DOE 1 is sued individually in their capacity as, on information and belief, an owner and/or agent of Defendant 3250 FRANCIS LEWIS INC. ('Defendant 3250) and/or Defendant JOHN DOE CORP.

49. Defendant JOHN DOE 1 has the power to hire and fire employees at New Sushi Village.

50. Defendant JOHN DOE 1 has the power to control the employment conditions at New Sushi Village.

51. Defendant JOHN DOE 1 has the power to enter into contracts on behalf of New Sushi Village.

52. Defendant JOHN DOE 1 had or should have had notice of the lawsuit pending against Sushi Village when they succeeded in the operation of the sushi restaurant at 32-50 Francis Lewis Blvd.

53. Defendant JOHN DOE CORP. d/b/a New Sushi Village or New Shushi Village. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 32-50 Francis Lewis Blvd Flushing, NY 11358.

*Defendants Constitute Joint Employers*

54. Defendants are associated and joint employers who act in the interest of each other with respect Sushi Village.

55. Defendants share common operations, common promotional materials and acted jointly in the operation Sushi Village.

56. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

57. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

58. In the alternative, Defendants constitute a single employer of Plaintiff.

59. At all relevant times, Defendants was Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

60. Upon information and belief, in each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

61. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at Sushi Village, such as fish, rice, meats, and beverages, cleaning supplies, were produced outside the State of New York.

## SUCCESSOR LIABILITY

62. Defendants MIN LIN, 3250 FRANCIS LEWIS INC., JOHN DOE 1 and JOHN DOE CORP. ('Successor Defendants') are successors in interest and liability to the sushi restaurant operated by Defendants XIN FENG LIN, ENMEI XIAO and SUSHI CHAIN INC ('Predecessor Defendants').

63. The Successor Defendants serve substantially the same sushi fusion menu, including the same all you can eat sushi option, offered by the Predecessor Defendants at the same location with substantially the same décor, furnishings, frontage and signage.

64. Upon information and belief, the Successor Defendants have substantially the same job positions and employment structure as the Predecessor Defendants.

65. The Successor Defendants utilized and updated same website used by the Predecessor Defendants – sushivillageflushing.com – in addition to another webpage.

66. The Successor Defendants knew or should have known that a lawsuit was pending against Sushi Village for unpaid wages when, according to the Predecessor Defendants, the Successor Defendants took over in August of 2020 during the pendency of this lawsuit.

*Plaintiff Andres Porfirio Cano*

67. Plaintiff CANO was employed by Defendants from approximately May of 2015 until on or about May 21st, 2019.

68. Throughout his employment with defendants, Plaintiff CANO was employed by Sushi Village at 32-50 Francis Lewis Blvd Flushing, NY 11358 as a kitchen helper, cook, prep cook, teriyaki maker, tempura maker and general laborer.

69. Plaintiff CANO regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

70. Plaintiff CANO's work was supervised and his duties required neither discretion nor independent judgment.

71. Plaintiff CANO regularly worked in excess of 40 hours per week.

72. From approx. May of 2015 until May 21, 2019, Plaintiff CANO typically worked six (6) days a week at the following typical hours:

   a. Monday: From between 11:00 A.M. and 11:30 A.M. until 10:30 P.M.
   b. Tuesday: From between 11:00 A.M. and 11:30 A.M. until 10:30 P.M.
   c. Thursday: From between 11:00 A.M. and 11:30 A.M. until 10:30 P.M.
   d. Friday: From between 11:00 A.M. and 11:30 A.M. until 11:00 P.M.
   e. Saturday: From between 11:30 A.M. and 11:45 A.M. until 11:00 P.M.
   f. Sunday: From between 11:30 A.M. and 11:45 A.M. until 10:30 P.M.

Plaintiff's exact hours differed depending of the needs of any given day.

73. Throughout his employment with defendants, Plaintiff CANO was paid his wages in cash.

74. Plaintiff was ostensibly provided a break but that break period was frequently interrupted by demands to work and typically lasted between 15 to 20 minutes.

75. Defendants paid Plaintiff a weekly salary during his employ.

76. From approximately May 2015 until October 2015, Defendants paid Plaintiff CANO a weekly salary of $550.00.

77. From approximately November 2015 until July 2016, Defendants paid Plaintiff CANO a weekly salary of $600.00.

78. From approximately August 2016 until January 2017, Defendants paid Plaintiff CANO a weekly salary of $650.00.

79. From approximately February 2017 until August 2017, Defendants paid Plaintiff CANO a weekly salary of $680.00.

80. From approximately September 2017 until April 2018, Defendants paid Plaintiff CANO a weekly salary of $700.00.

81. From approximately May 2018 until May 21, 2019, Defendants paid Plaintiff CANO a weekly salary of $750.00.

82. Defendants never provided Plaintiff CANO with each payment of wages a proper statement of wages, as required by NYLL 195(3).

83. Defendants failed to provided Plaintiff CANO all of the proper and complete notices in English and in Spanish (Plaintiff CANO's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

86. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

88. Plaintiff CANO repeats and realleges all paragraphs above as though fully set forth herein.

89. At all times relevant to this action, Defendants were Plaintiff CANO's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff CANO controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

90. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

91. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92. Plaintiff was individually engaged in interstate commerce.

93. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94. Defendants' failure to pay Plaintiff CANO at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95. Plaintiff CANO was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

96. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

97. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

98. Defendants paid Plaintiff a fixed rate salary in violation of the NY Hospitality Wage Order.

99. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

100. Plaintiff was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

101. Plaintiff CANO repeats and realleges all paragraphs above as though fully set forth herein.

102. At all times relevant to this action, Defendants were Plaintiff CANO's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

103. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff CANO less than the minimum wage.

104. Defendants' failure to pay Plaintiff CANO the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

105. Plaintiff CANO was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

106. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

107. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

108. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

109. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

110. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

111. Defendants failed to provide Plaintiff with a written notice, in English and in

Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

112. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

113. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

114. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

115. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and/or minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid overtime and/or minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime and minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime and/or minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Enjoining Defendants from future violations of the NYLL;

(k) Awarding Plaintiff damages for the amount of unpaid overtime and/or minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
February 27th, 2021

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*