UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ANDRES PORFIRIO CANO,        Civil Action No.: 19-cv-3509

                     Plaintiff,

        -against-

EN MEI XIAO a/k/a/ Tina Xiao, XIN FENG LIN
a/k/a Scott Lin, Xi Lin and Xia Feng Lin, SUSHI
CHAIN INC., 3250 FRANCIS LEWIS INC., d/b/a
New Sushi or New Shushi Village, MIN LIN, JOHN
DOE 1
                     Defendants.

---------------------------------------------------------------X

### REPLY OF DEFENDANTS MIN LIN AND 3250 FRANCIS LEWIS INC TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**YIMIN CHEN**, an attorney admitted to practice in the District Court Eastern District of New York, affirms in reply to the Plaintiff's opposition to the Defendants Min Lin and 3250 Francis Lewis Inc's motion to dismiss, under the penalties of perjury:

1. I am the attorney for the Defendants Min Lin and 3250 Francis Lewis Inc. ("3250"), as such, am fully familiar with the facts and circumstances set forth below.

2. The arguments put forth in the Plaintiff's opposition to this motion, as examined below, are without merit and should be rejected by this Court.

3. Defendants has sufficiently argued that Plaintiff failed to state a claim against Defendants Min Lin and 3250 with enough facts. Therefore, Defendants' motion should be granted in its entirety, together with such other and further relief as the Court may deem just and proper.

    A. **Plaintiff Failed to Allege that Defendants Min Lin and 3250 are Successors with Supporting Evidence**

4. Plaintiff did not state a plausible claim in his Complaint. Plaintiff simply used boilerplate statements in paragraphs 62-66 of his complaint. Such conclusory statement cannot support any factual material of Defendants Min Lin and 3250's successor liability.

5. Defendant Min Lin declared in her declaration that she changed the signage of the business, renovated the restaurant, painted the wall of the restaurant, applied for Authority and Liquor License, created a webpage www.newsushivillage.com and had a promotion with some websites, employed totally different workers then she opened the restaurant since December of 2020. See Declaration of Min Lin annexed to Defendants' Motion to Dismiss.

6. Plaintiff wrongfully alleged that Defendants Min Lin and 3250 "serve substantially the same menu and substantially the same décor, furnishings, frontage and signage in addition to utilizing the prior webpage of the predecessor defendants". The said menu has been changed with new signage; the décor has been renovated; frontage and signage have been replaced; the prior webpage in Plaintiff's second amended complaint is different with current webpage used by Defendants Min Lin and 3250.

7. Plaintiff submitted the application for alcoholic beverage control retail license as its Exhibit. See Dkt. 46-2. Said documents clearly shows the application was filed on November 12, 2020. Consistently, Defendant Min Lin claimed she opened the business after December of 2020. According to Plaintiff's Exhibit, the Lease between GLGAO LLC and Xin Feng Lin, dated August 3, 2020, has not been fully executed by the parties. See Dkt. 46-1. Obviously, the co-defendants surrendered the premises when they failed to enter into the Lease Agreement and closed down their business in August of 2020. These two documents support the fact that the business ceased operation.

8. Therefore, Plaintiff's allegations cannot meet the standard of reasonable inference that Defendants Min Lin and 3250 is liable for someone they had no knowledge.

9. Moreover, Defendants Min Lin and 3250 did not take over the business from the co-defendants, Plaintiff's alleged Predecessors. Plaintiff entered into the Lease with the Landlord after the Landlord informed her the prior business owner surrendered the premises.

**B. The Facts Set Forth Above Can NOT Support the Conclusion of Mere Continuation between Co-Defendants under Reasonable Review Standard**

10. When analyzing a claim that a successor is a "mere continuation," the Court considers the following factors:(1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation. *See Xue Ming Wang v. Abumi Sushi Inc.*, 262 F.Supp.3d 81 (S.D.N.Y. 2017). Continuity of ownership is a necessary element to prevailing on claim for successor liability of employer under FLSA or New York Labor Law (NYLL). Fair Labor Standards Act of 1938 § 3, 29 U.S.C.A. § 203(d); N.Y. Labor Law § 190(3); *Chen v. DG & S NY, Inc,* 406 F.Supp.3d 216 (E.D.N.Y. 2016).

11. Here, Defendants Min Lin and 3250 had no knowledge about Co-Defendants Sushi Chain Inc. d/b/a Sushi Village, En Mei Xiao a/k/a Tina Xiao ("Tina") and Xin Feng Lin a/k/a Scott Lin, Xi Lin and Xia Feng Lin ("Scott").

12. There was no conveyance between Min Lin/3250 and Sushi Chain Inc./Tina/Scott.

13. Min Lin employed totally different workers who never worked for any Co-Defendants Sushi Chain Inc., Tina or Scott.

14. As discussed above, the Co-Defendants surrendered the premises in August of 2020, and Min Lin opened the business since December of 2020. There was a four-month cessation between the operation of the two restaurants.

15. In other words, Plaintiff cannot satisfy the element of "an uninterrupted continuation of the business of the acquired corporation" and therefore, there is no assumption of the liability due to uninterrupted continuation of the business.

16. Given the facts set forth, Plaintiff cannot allege the continuity of ownership, continuity of management, personnel, assets, general business operation with any supporting evidence.

**WHEREFORE**, it is respectfully requested that Defendants Min Lin and 3250 Francis Lewis Inc.'s motion be granted in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: July 08, 2021
       Queens, New York

Law Offices of Chen & Associates, PC

  /s/ Yimin Chen
Yimin Chen, Esq.
*Attorney for Defendant Min Lin and 3250 Francis Lewis Inc.,*
39-15 Main Street, Suite 502
Flushing, NY 11354
718-886-4858